An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1065

Filed 5 August 2026

Mecklenburg County, No. 23CR460291-590

STATE OF NORTH CAROLINA

      v.

CHRISTOPHER WILLIAM HAYES

Appeal by defendant from judgment entered 21 January 2025 by Judge William T. Stetzer in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Mia B. Bass, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

ZACHARY, Judge.

Defendant Christopher William Hayes appeals from the trial court's judgment entered upon a jury's verdict finding him guilty of carrying a concealed gun (a felony). Counsel for Defendant filed an *Anders* brief on appeal. After careful review, we conclude that Defendant received a fair trial, free from error.

## Background

On 1 April 2024, a Mecklenburg County grand jury indicted Defendant for carrying a concealed gun. The matter came on for jury trial on 15 January 2025, and on 17 January, the jury returned its verdict finding Defendant guilty of carrying a concealed gun. On 21 January 2025, the trial court entered judgment sentencing Defendant to 6 to 17 months' imprisonment in the custody of the North Carolina Department of Adult Correction; the court suspended Defendant's sentence and placed him on supervised probation for 24 months.

Defendant gave timely notice of appeal.

## *Anders* Review

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), stating that "[a]fter careful and repeated review of the record and applicable law . . . , counsel is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal." Thus, counsel has requested that this Court "conduct a full examination of the record for any prejudicial error and to determine if any issue has been overlooked." We are satisfied that counsel has complied with the requirements of *Anders* and *Kinch* in that counsel has "advised [Defendant] of his right to file his own arguments and provided [Defendant] with th[e] brief, transcript of proceedings, printed record on appeal, and this Court's mailing address."

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In the *Anders* brief, Defendant's counsel raised two potential issues for our consideration, neither of which have merit based on our careful review of the record.

"Under our review pursuant to *Anders* and *Kinch*, we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (extraneity removed). As required by *Anders* and *Kinch*, we have conducted a full examination of the record for any issue with arguable merit, including the potential issues that Defendant's counsel raised. We are unable to discern any error that might entitle Defendant to relief from the judgment.

## Conclusion

For the foregoing reasons, we conclude that Defendant received a fair trial, free from error.

NO ERROR.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).